UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASUNDRA NORMAN a/k/a Lasandra Norman,<br><br>Plaintiff,<br><br>v.<br><br>NIPSCO and AMERICAN WATER,<br><br>Defendants. | CAUSE NO.: 2:19-CV-365-TLS-JEM |

**OPINION AND ORDER**

Lasundra Norman also known as Lasandra Norman, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendants NIPSCO and American Water. She also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal

courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court

accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In her Complaint, Plaintiff alleges that she is bringing a class action. Plaintiff then alleges that she is a "forced stakeholder/customer" in the utilities NIPSCO and American Water because they bill her monthly and she has been paying her bill on time for more than ten years. She alleges that these bills cause stress. Plaintiff alleges that, if she and others, mainly in Gary, Indiana, are unable to pay their utility bills, Defendants send "threatening letters with specific date and times on when they will violate my privacy rights by turning my utilities off from the streets." Compl. 2. And, Plaintiff alleges that the utility "bills can start to go up very fast." *Id*. She further alleges that Defendants have not fixed up neighborhoods. Plaintiff states that she would prefer to pay the government for her utilities. Plaintiff asks that all disconnections scheduled for NIPSCO and American Water be suspended and that all billing be suspended as well. Plaintiff further seeks, on behalf of all residents, a "full refund" for all money paid on NIPSCO and American Water accounts because the bills were for basic essentials of life. *Id*. Finally, Plaintiff alleges that American Water has "illegally" turned down the water pressure in her house "because of a $60.00 bill." Compl. p. 3.

It appears that Plaintiff is bringing a claim under 42 U.S.C. § 1983 for a violation of constitutional rights. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived [her] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Defendants in this case, NIPSCO and American Water, are private companies, and Plaintiff has not alleged any facts that these private companies were acting under color of state law or in concert with a state actor. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("When a plaintiff

3

brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under color of state law."); *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) (recognizing that a private actor may be held liable under § 1983 if that private actor conspired with a state actor to violate the plaintiff's civil or constitutional rights). Nor are the Defendants state actors merely because they are highly regulated by state law. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926, 1932 (2019) (recognizing that, under the state-action doctrine, "a private entity may be considered a state actor when it exercises a function 'traditionally exclusively reserved to the State'" but also recognizing that "the 'fact that a business is subject to state regulation does not by itself convert its action into that of the State'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352, 350 (1974))); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (same). Because Plaintiff has not shown that Defendants were acting under color of state law, Plaintiff cannot state a claim for a § 1983 violation, and the Court dismisses Plaintiff's § 1983 claims.

Reading the pro se Complaint liberally, Plaintiff may also be bringing state law claims. To the extent that Plaintiff is challenging the disconnection of her utility services, the procedure for a public utility customer to resolve such a dispute with the public utility is governed by Indiana regulations. *See* 170 Ind. Admin. Code 4-1-16, 6-1-16. The procedure for appealing the resolution of such a dispute with the utility is also governed by Indiana regulations, which allow the customer to file an informal complaint with consumer affairs, the consumer to request a subsequent review by the director of consumer affairs, and consumer affairs to refer a complaint to the Indiana Utility Regulatory Commission (IURC). *See* 170 Ind. Admin. Code 16-1-5; 170 Ind. Admin. Code 6-1-16(c) (addressing disconnection of water utility services (citing 170 Ind. Admin. Code 16-1-5)); 170 Ind. Admin. Code 4-1-16(c) (addressing disconnection of electric

utility services (citing 170 Ind. Admin. Code 16-1-5)). Review of IURC decisions is made by appeal to the Indiana Court of Appeals. *See* Ind. Code § 8-1-3-1.

To the extent that Plaintiff is contesting the rates charged by Defendants, utility rates are regulated by the IURC, and, again, review of the IURC's orders takes place in the Indiana Court of Appeals. *See NIPSCO Indus. Grp. v. N. Ind. Pub. Serv. Co.*, 125 N.E.3d 617, 619–20, 623, 623 n. 9 (Ind. 2019) (providing a basic explanation of how utility rates are set in Indiana (citing *NIPSCO Indus. Grp. v. N. Ind. Pub. Serv. Co.*, 100 N.E.3d 234, 238–39 (Ind. 2018); Ind. Code § 8-1-3-1; *Hamilton Se. Utils., Inc. v. Ind. Util. Regulatory Comm'n*, 101 N.E.3d 229, 232 (Ind. 2018))); *see also* Ind. Code § 8-1-2-54 (empowering the IURC to investigate a complaint made against a public utility); Ind. Code § 8-1-3-1 (providing that an appeal from an IURC decision is made to the Indiana Court of Appeals); Ind. Code § 8-1-3-7 (governing judicial determination of appeals of IURC decisions, remand of proceedings, and injunctions); *Bridges v. Veolia Water Indianapolis, LLC*, 978 N.E.2d 447, 453–54 (Ind. Ct. App. 2012) (explaining that, because the IURC has exclusive jurisdiction over an attack on the validity or application of a utility's approved rate, courts do not have jurisdiction until administrative remedies have been exhausted); *N. Ind. Pub. Serv. Co. v. Dozier*, 674 N.E.2d 977, 983–86 (Ind. Ct. App. 1996) (discussing the IURC's exclusive jurisdiction to determine certain matters).

Plaintiff may also be attempting to bring an Indiana common law breach of contract claim or a statutory negligence per se claim for a violation of Indiana law regarding the regulation of public utilities. *See, e.g.*, *Simstad v. Scheub*, Cause No. 2:07-CV-407, 2010 WL 3894017, at *21 (N.D. Ind. Sept. 30, 2010) (acknowledging that Indiana courts recognize negligence actions for statutory violations and considering whether the plaintiff had stated a claim for negligence per se against NIPSCO (quoting *Kho v. Pennington*, 875 N.E.2d 208, 212

(Ind. 2007))). The Court's original subject matter jurisdiction over any state law claims must be premised on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See id.* § 1332(a)(1). It is not clear from the allegations of the Complaint whether Plaintiff and Defendants are of diverse citizenship. Regardless, the amount in controversy requirement of $75,000 is not met. Plaintiff alleges that American Water turned down the water pressure in response to an unpaid water bill in the amount of $60. It also appears that Plaintiff's combined utility bills for a ten-year period would not reach the minimum amount in controversy. Because the amount in controversy is not met, the Court lacks original subject matter jurisdiction under 28 U.S.C. § 1332 over any state law claims against Defendants.

Nevertheless, the Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 based on the Court's original jurisdiction to hear the federal constitutional claims. However, because the Court is dismissing the federal claims for failure to state a claim, the Court declines to exercise its supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff until December 8, 2019, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If Plaintiff does not file an amended complaint by December 8,

2019, the Court will direct the Clerk of Court to close this case. If Plaintiff does not file an amended complaint and the case is closed, Plaintiff is permitted to pursue her claims in state court because the Court has declined to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (explaining that when a district court dismisses the federal claim conferring original jurisdiction before trial, the court may relinquish supplemental jurisdiction over any state law claims under § 1367(c)(3)).

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff's Motion for an Emergency Hearing [ECF No. 3] is DENIED without prejudice as moot. Plaintiff is granted up to and including December 8, 2019, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. Plaintiff is cautioned that, if she does not respond by the December 8, 2019 deadline, the Court will direct the Clerk of Court to close this case without further notice and the Court will relinquish jurisdiction over any state law claims.[1]

SO ORDERED on November 8, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] The Court notes that Plaintiff LaSandra Norman has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:11-CV-97-RL; 2:12-CV-210-JTM; 2:16-CV-113-RLM; 2:17-CV-416-RL; 2:18-CV-204-PPS; 2:19-CV-365-TLS; 2:19-CV-372-TLS.