UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:19-CV-365-TLS-JEM |
| NIPSCO and AMERICAN WATER, | |
| Defendants. | |

**OPINION AND ORDER**

Lasandra Norman, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendants NIPSCO and American Water. She also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. On November 8, 2019, the Court denied the motion and dismissed the Complaint without prejudice with leave to refile an amended complaint that cures the deficiencies identified by the Court. On December 2, 2019, Plaintiff filed a Motion to Refile Forma Pauperis [ECF No. 6] and an Amended Complaint [ECF No. 7]. For the reasons set forth below, the Plaintiff's Motion to Refile Forma Pauperis is DENIED. The Plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.[1]

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324

---

[1] The Court notes that Plaintiff LaSandra Norman has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:11-CV-97-RL; 2:12-CV-210-JTM; 2:16-CV-113-RLM; 2:17-CV-416-RL; 2:18-CV-204-PPS; 2:19-CV-365-TLS; 2:19-CV-372-TLS; 2:20-CV-51-JVB.

(1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In its November 8, 2019 Opinion and Order, the Court dismissed Plaintiff's Complaint, finding that (1) Plaintiff had not stated a claim under 42 U.S.C. § 1983 because she had not alleged state action, (2) the procedure for challenging the disconnection of her utilities or the utility rates she was charged is governed by Indiana Regulations with the ultimate review by the Indiana Court of Appeals, and (3) as to any breach of contract claim or a statutory negligence per se claim for a violation of Indiana law it appeared that the Court did not have subject matter jurisdiction over the claims.

Having reviewed the Amended Complaint [ECF No. 7], the Court find that Plaintiff has not cured the deficiencies identified by the Court. The Amended Complaint no longer brings a claim under 42 U.S.C. § 1983 for a violation of constitutional rights and asserts only state law claims. Plaintiff continues to pursue her claim against Defendants NIPSCO and American Water for turning down her water pressure, disconnecting her water, and charging excessive rates.

As the Court set out in its November 8, 2019 Opinion and Order, the procedure for a public utility customer to resolve disputes over disconnected utilities is governed by Indiana regulations. *See* 170 Ind. Admin. Code 4-1-16, 6-1-16. The procedure for appealing the resolution of such a dispute with the utility is also governed by Indiana regulations, which allow the customer to file an informal complaint with consumer affairs, the consumer to request a subsequent review by the director of consumer affairs, and consumer affairs to refer a complaint to the Indiana Utility Regulatory Commission (IURC). *See* 170 Ind. Admin. Code 16-1-5; 170

Ind. Admin. Code 6-1-16(c) (addressing disconnection of water utility services (citing 170 Ind. Admin. Code 16-1-5)); 170 Ind. Admin. Code 4-1-16(c) (addressing disconnection of electric utility services (citing 170 Ind. Admin. Code 16-1-5)). Review of IURC decisions is made by appeal to the Indiana Court of Appeals. *See* Ind. Code § 8-1-3-1.

Regarding the rates charged by Defendants, the Court set out in its November 8, 2019 Opinion and Order that utility rates are regulated by the IURC and that review of the IURC's orders takes place in the Indiana Court of Appeals. *See NIPSCO Indus. Grp. v. N. Ind. Pub. Serv. Co.*, 125 N.E.3d 617, 619–20, 623, 623 n. 9 (Ind. 2019) (providing a basic explanation of how utility rates are set in Indiana (citing *NIPSCO Indus. Grp. v. N. Ind. Pub. Serv. Co.*, 100 N.E.3d 234, 238–39 (Ind. 2018); Ind. Code § 8-1-3-1; *Hamilton Se. Utils., Inc. v. Ind. Util. Regulatory Comm'n*, 101 N.E.3d 229, 232 (Ind. 2018))); *see also* Ind. Code § 8-1-2-54 (empowering the IURC to investigate a complaint made against a public utility); Ind. Code § 8-1-3-1 (providing that an appeal from an IURC decision is made to the Indiana Court of Appeals); Ind. Code § 8-1-3-7 (governing judicial determination of appeals of IURC decisions, remand of proceedings, and injunctions); *Bridges v. Veolia Water Indianapolis, LLC*, 978 N.E.2d 447, 453–54 (Ind. Ct. App. 2012) (explaining that, because the IURC has exclusive jurisdiction over an attack on the validity or application of a utility's approved rate, courts do not have jurisdiction until administrative remedies have been exhausted); *N. Ind. Pub. Serv. Co. v. Dozier*, 674 N.E.2d 977, 983–86 (Ind. Ct. App. 1996) (discussing the IURC's exclusive jurisdiction to determine certain matters).

Moreover, to the extent Plaintiff is attempting to bring state law claims, including any Indiana common law breach of contract claim or a statutory negligence per se claim for a violation of Indiana law regarding the regulation of public utilities, she still has not alleged jurisdictional facts to support this court's subject matter jurisdiction. As the Court set forth in its

4

November 8, 2019 Opinion and Order, the Court's original subject matter jurisdiction over any state law claims must be premised on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See id.* § 1332(a), (a)(1). As the party seeking this Court's jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). In the Court's November 8, 2019 Opinion and Order, the Court noted that it was not clear whether Plaintiff and Defendants are of diverse citizenship for purposes of diversity jurisdiction. In the Amended Complaint, Plaintiff has not offered any allegations of citizenship other than to allege that she has resided in Indiana for over ten years. She does not identify the citizenship of Defendants NIPSCO and American Water. Therefore, Plaintiff has not met her burden of establishing the Court's subject matter jurisdiction under 28 U.S.C. § 1332 over any state law claims against Defendants.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Refile Forma Pauperis [ECF No. 6] and DISMISSES without prejudice the Amended Complaint [ECF No. 7] for lack of subject matter jurisdiction. The Court relinquishes jurisdiction over any state law claims that the Court may have had under 28 U.S.C. § 1367 based on the claims alleged in the original Complaint under 42 U.S.C. § 1983.

SO ORDERED on February 7, 2020.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT