**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

LASANDRA NORMAN,

   Plaintiff,

   v.            CAUSE NO.: 2:19-CV-365-TLS-JEM

NIPSCO and AMERICAN WATER,

   Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Response to Order and Opinion Further

Pushing for Action Against Both Defendants [ECF No. 11], which the Court construes as a

motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).

Lasandra Norman, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1]

against Defendants NIPSCO and American Water. She also filed a Motion to Proceed In Forma

Pauperis [ECF No. 2]. On November 8, 2019, the Court denied the motion and dismissed the

Complaint without prejudice with leave to refile an amended complaint that cures the

deficiencies identified by the Court. On December 2, 2019, Plaintiff filed a Motion to Refile

Forma Pauperis [ECF No. 6] and an Amended Complaint [ECF No. 7]. Although Plaintiff

qualified financially for in forma pauperis status, on February 7, 2020, the Court issued an

Opinion and Order dismissing without prejudice the Amended Complaint for lack of subject

matter jurisdiction because Plaintiff had not established diversity jurisdiction. Judgment was

entered the same date.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a

judgment within 28 days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). To prevail on a

Rule 59(e) motion, "a party must clearly establish (1) that the court committed a manifest error or law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).

In the instant Response [ECF No. 11] to the Court's February 7, 2020 ruling, Plaintiff does not identify any manifest error of law or fact committed by the Court nor does she assert that newly discovered evidence precluded the entry of judgment. Plaintiff does not address the basis of the Court's February 7, 2020 Opinion and Order dismissing this lawsuit, which is that the Court lacks subject matter jurisdiction. Nor does Plaintiff offer any facts or law to argue that this Court has subject matter jurisdiction over Plaintiff's claims. Instead, Plaintiff offers reasons that her claims are meritorious and asserts injustices at the hands of Defendants. Plaintiff has not met her burden under Rule 59(e).

Accordingly, to the extent Plaintiff's Response to Order and Opinion Further Pushing for Action Against Both Defendants [ECF No. 11] seeks relief under Federal Rule of Civil Procedure 59(e), the Court DENIES the request. No further action will be taken by the Court.

SO ORDERED on June 23, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT